```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOAQUIN F. LOPEZ,                             :
                                              :
                    Plaintiff,                :
                                              :    MEMORANDUM & ORDER
            v.                                :    20-CV-3065 (WFK) (TAM)
                                              :
MONARCH RECOVERY                              :
MANAGEMENT, INC.                              :
                                              :
                    Defendant.                :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Joaquin F. Lopez ("Plaintiff") brings an Amended Complaint alleging Monarch Recovery Management, Inc. ("Defendant") violated provisions of the Fair Debt Collection Practices Act ("FDCPA"). *See generally* Amended Complaint, ECF No. 15. Both parties moved for summary judgment. *See* ECF Nos. 38, 43, 46. However, the Court determines Plaintiff lacks standing to pursue these claims, and therefore dismisses this action *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

This action arises from a series of calls allegedly made by Defendant Monarch Recovery Management, Inc. to Plaintiff Joaquin F. Lopez, seeking to collect a debt obligation owed by an individual named Jesus Lopez to Resurgent Capital Services. *See* Declaration of Joaquin F. Lopez, ("Lopez Decl."), ECF No. 39-1; Declaration of Diane Mazzacano, ("Mazzacano Decl."), ECF No. 43-1. Plaintiff claims he is not responsible in any way for Jesus Lopez's debt and Defendant was not attempting to collect a debt owed by Plaintiff. *See* Plaintiff's Response to Defendant's Statement of Additional Material Facts (Pl. Resp. to Def. 56.1") at ¶ 6, ECF No. 41.

On February 15, 2021, Plaintiff filed an Amended Complaint alleging five violations of the FDCPA: (1) failing to disclose that Defendant was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11); (2) failing to provide Plaintiff required information about the underlying debt within five days of the initial communication, in violation of 15 U.S.C. §§ 1692g(a); (3) causing Plaintiff's telephone to ring repeatedly or continuously with intent to

1

annoy, abuse, or harass him, in violation of 15 U.S.C. § 1692d(5); (4) placing telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6); and (5) generally engaging in deceptive practices in violation of 15 U.S.C. § 1692e.  *See* Amended Complaint at 5–7.  Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k as well as attorney's fees and costs.  *Id*. at 8.

## DISCUSSION

The Court may not reach the issues raised in the parties' motions for summary judgment because the Court lacks subject matter jurisdiction over this action based on the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ("*TransUnion*") and the Second Circuit's decision in *Maddox v. Bank of New York Mellon Tr. Co., N.A.,* 19 F.4th 58 (2d Cir. 2021) ("*Maddox II*").

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The Court has "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).  Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC*, 141 S. Ct. at 2203.  A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id*.  Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims.  *Id*.

Even where Congress has created a statutory cause of action, a violation of that statute is not necessarily sufficient to establish an injury-in-fact for purposes of establishing Article III standing.  While "Congress may create causes of action for plaintiffs to sue defendants," "under

Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205 (emphasis in original).

In the Amended Complaint, Plaintiff claims Defendant failed to disclose in the message left on Plaintiff's answering machine that Defendant was attempting to collect a debt in violation of 15 U.S.C. § 1692e(11), failed to send Plaintiff written notice in violation of 15 U.S.C. § 1692g(a), caused Plaintiff's telephone to ring repeatedly with intent to annoy, abuse, or harass any person at this number, in violation of 15 U.S.C. § 1692d, failed to meaningfully disclose Defendant caller's identity in violation of 15 U.S.C. § 1692d(6), and engaged in deceptive practices in violation of 15 U.S.C. § 1692e.

However, Plaintiff does not allege a concrete harm beyond the five violations of the FDCPA itself. Thus, here, as in *Maddox*, Plaintiff has failed to allege any particularized or concrete injury resulting from Defendant's alleged violations of the FDCPA. Nor has Plaintiff asserted a sufficient likelihood of future harm to establish such injury.

Because Plaintiff has not asserted an injury in fact sufficient to establish Article III standing, the Court dismisses this case *sua sponte* for lack of subject matter jurisdiction. *Juliano v. Citygroup, N.A.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) (Mauskopf, J.) ("[A] district court has an unflagging duty to [dismiss] *sua sponte* whenever jurisdiction appears to be lacking.").

## CONCLUSION

Plaintiff's Amended Complaint is hereby DISMISSED for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

**s/ WFK**

Dated: September 14, 2022
       Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE